**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHAUNTELLE HORNER, Individual, ) <br> And as Parent and Next Friend of ) <br> J. H., a Minor ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TYSON FOODS, INC., ) <br> ) <br> Defendant. ) | Case No. 12-CV-00080-JHP-TLW |

**OPINION AND ORDER**

Before the Court are Defendant Tyson Foods, Inc's ("Tyson") Motion for Summary Judgment [Doc. No. 26] and Plaintiff Chauntelle Horner's ("Plaintiff") Rule 56(d) Application for Discovery [Doc. No. 28]. After review of the briefs, and for the reasons stated below, Plaintiff's Application for Discovery is **DENIED**. Further, Tyson's Motion for Summary Judgment is **GRANTED**.

**BACKGROUND**

**A. Undisputed Factual Background**[1]

On December 20, 2010, Plaintiff and her daughter were injured in a single-car accident on U.S. Highway 240 in Tulsa, Oklahoma. Plaintiff informed the highway patrolman investigating the incident that the accident occurred after an unidentified commercial truck travelled into her lane causing her to leave the roadway and strike a guardrail. The commercial truck, identified by Plaintiff as being operated by Tyson, did not make contact with Plaintiff's

---

[1] The following facts are either not specifically controverted by Plaintiff in accordance with Local Civil Rule 56.1(c) or are described in the light most favorable to Plaintiff. This includes facts deemed confessed pursuant to Rule 36 of the Federal Rules of Civil Procedure. Immaterial facts are omitted.

car and did not stop after the accident occurred. Plaintiff can produce no facts to establish that the commercial truck involved in the accident was either owned by Tyson or operated by Tyson employees.

### B. Procedural History

Plaintiff originally filed this action in the District Court of Tulsa County, Oklahoma, on January 17, 2012. [Doc. No. 2, Ex. 1]. On February 21, 2012, Tyson removed the case to this Court without objection. [Doc. No. 2]. On June 28, 2012, the Court entered its Scheduling Order [Doc. No. 13], and, subsequently, on July 26, 2012, Tyson served its First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents on Plaintiff [Doc. No. 20, Ex. 1]. After receiving no response to its discovery requests, Tyson filed a Motion for Order Deeming as Admitted Its Requests for Admissions [Doc. No. 20], and U.S. Magistrate Judge Wilson granted Tyson's motion on October 2, 2012 [Doc. No. 25]. On October 5, 2012, based largely on the admissions deemed confessed by Plaintiff, Tyson filed its Motion for Summary Judgment [Doc. No. 26]. In response, on October 25, 2012, Plaintiff simultaneously filed its Response to Tyson's Motion for Summary Judgment [Doc. No. 26] and Rule 56(d) Application for Discovery [Doc. No. 28]. On October 31, 2012, Tyson filed its Reply to Plaintiff's Response to its Motion for Summary Judgment [Doc. No. 29], and its Response to Plaintiff's Rule 56(d) Application for Discovery [Doc. No. 30].

## DISCUSSION

### A. Rule 56(d)

In response to Tyson's Motion for Summary Judgment, Plaintiff seeks additional time pursuant to Rule 56(d) of the Federal Rules of Civil Procedure in order to take additional

discovery before the Court considers Tyson's Motion for Summary Judgment. Rule 56(d) "grants a court discretion to deny summary judgment or order a continuance when the nonmovant submits an affidavit averring that it possesses insufficient facts to oppose a summary judgment motion." *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 732 (10th Cir. 2006) (citing FED R. CIV. P. 56(d)). The essence of Rule 56(d) is that summary judgment should be refused "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986).

The Court finds Plaintiff's motion insufficient for two primary reasons. First, Plaintiff's motion is unsupported by an affidavit setting forth the reasons why additional discovery is needed. In order to invoke the protections contained in Rule 56(d), the nonmoving party must satisfy certain requirements. *Price ex rel. Price v. W. Res., Inc.,* 232 F.3d 779, 783 (10th Cir. 2000). Significantly, as a prerequisite to granting relief, Rule 56(d) requires the nonmoving party to submit a verified affidavit explaining the reasons why additional discovery is necessary. *Pasternak v. Lear Petroleum Exploration, Inc.,* 790 F.2d 828, 832 (10th Cir.1986); *Comm. for First Amendment*, 962 F.2d at 1522; *see also* 10B Fed. Prac. & Proc. Civ. § 2740 (3d ed.). Unverified assertions in attorney memoranda are not a suitable substitute for the required affidavit. *Id.* (citing *See Dreiling v. Peugeot Motors of America,* 850 F.2d 1373, 1377 (10th Cir.1988); *Weir v. Anaconda,* 773 F.2d 1073, 1083 (10th Cir.1985); *Radich v. Goode,* 886 F.2d 1391, 1393–95 (3rd Cir.1989)); *Marquez v. Cable One, Inc.* 463 F.3d 1118, 1121 (10th Cir. 2006); *Hackworth*, 468 F.3d at 732; *Allen v. Sybase, Inc.*, 468 F.3d 642, 662 (10th Cir. 2006); *cf. Velez v. Awnign Windows, Inc.*, 375 F.3d 35, 40 (1st Cir. 2004) (recognizing that affidavit not "slavishly" required). To be sure, "[a]dvocacy by counsel does not suffice for evidence or fact in the Rule 56([d]) context." *Comm. for First Amendment*, 962 F.2d at 1522. "The purpose of the

affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56([d]) in good faith and to afford the trial court the showing necessary to assess the merits of a party's opposition." *Id.* (quoting *First Chicago Int'l v. United Exch. Co. Ltd.,* 836 F.2d 1375, 1380 (D.C.Cir.1988)).  Plaintiff may not benefit from the protections of Rule 56(d) without complying with the requirements of Rule 56(d), and merely making unverified assertions in her briefs. Therefore, Plaintiff is not entitled to relief.

Second, even if Plaintiff had adhered to the affidavit requirement, she cannot make the showing necessary to justify additional discovery.  Rule 56(d) requires a party seeking addition discovery to "identify[] (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.,* 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotations omitted) (citing *Comm. for the First Amendment,* 962 F.2d at 1522; *and Price,* 232 F.3d at 783).

In her motion, Plaintiff asserts that additional time should be given to discover facts demonstrating that Tyson is responsible for the actions of the unidentified commercial truck involved in the December 20, 2010 accident.  Specifically, Plaintiff seeks additional time to conduct depositions of an eye witness and the investigating trooper, along with other discovery designed to connect Tyson to the unidentified commercial truck.  Plaintiff fails, however, to explain why these facts cannot be presented or what steps have been taken to obtain these facts through discovery beyond the conclusory statement that "this litigation is in the very early stages...." [Doc. No. 28 at 1].  But as Tyson aptly noted in its response, this litigation commenced on January 17, 2012, more than nine months before Tyson moved for summary

judgment. [Doc. No. 30 at 3]. In addition, a general or conclusory assertion that additional discovery is necessary is insufficient for purposes of a Rule 56(d) affidavit. *Libertarian Party of NM v. Herrera*, 506 F.3d 1303, 1308-1309 (10th Cir. 2007). This is, in part, because Rule 56(d) is no substitute for diligently pursuing discovery, and should not be invoked by a party who been dilatory in pursuing discovery. *See Valley Forge,* 616 F.3d at 1096; *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 11-12 (1st Cir. 2007). While the conclusory nature of Plaintiff's explanation for the need for more time coupled with Plaintiff's failure to conduct virtually any discovery since this lawsuit was initiated certainly weigh heavily against her request for additional time for discovery, the dispositive factor in this case is whether the discovery identified by Plaintiff would alter the outcome of the summary judgment motion.

Plaintiff should be denied relief under Rule 56(d) if the discovery in question would not alter the outcome of the summary judgment motion*. See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006). As noted above, Plaintiff seeks additional time to discovery facts linking Tyson to the unidentified commercial truck involved in Plaintiff's accident. On July 26, 2012, Tyson served Plaintiff with requests for admissions on the issue of whether any of Tyson's vehicles or drivers were involved in an accident with Plaintiff. Specifically, Tyson's Request for Admission No. 11 stated:

> Admit that you do not possess any evidence to establish that the semi-tractor trailer you contend was involved in the accident was operated by an employee of the Defendant.

[Doc. No. 20, Ex. 1]. Further, Tyson's Request for Admission No. 12 stated:

> Admit that you have no evidence to establish that the tractor of the semi-tractor trailer you contend was involved in the accident was owned by the Defendant.

[*Id.*] After receiving no response to its discovery requests, Tyson filed a Motion for Order Deeming as Admitted Its Requests for Admissions pursuant to Rule 36(a)(3) of the Federal Rules

of Civil Procedure [Doc. No. 20], which was granted on October 2, 2012 [Doc. No. 25]. Consequently, all of the requests for admissions served on Plaintiff by Tyson are deemed confessed for the remainder of this litigation. *See* FED R. CIV. P. 36(a)(3).

Pursuant to Rule 36(b) of the Federal Rules of Civil Procedure, any matter admitted is conclusively established against the admitting party. When an admission is conclusively established, it has the effect of a judicial admission—the admitting party is precluded from presenting conflicting evidence on summary judgment or at trial. *Praetorian Ins. Co. v. Site Inspection, LLC*, 604 F.3d 509, 514 (8th Cir. 2010); *Quasius v. Schwan Food Co.*, 596 F.3d 947, 951-52 (8th Cir. 2010); *Armour v. Knowles*, 512 F.3d 147, 154 (5th Cir. 2007); *Airco Indus. Gases, Inc. Div. Of the BOC Group, Inc. v. Teamsters Health and Welfare Pension Fund of Philadelphia and Vicinity*, 850 F.2d 1028, 1035-36 (3d Cir. 1988). While this may have a dramatic effect on a party's ability to prevail, any lesser effect would undermine the goals of Rule 36—narrowing the issues and conserving resources at trial. *See Armour*, 512 F.3d at 154. Furthermore, admissions obtained by use of Rule 36 may show that there is no genuine issue as to any material fact and justify the entry of summary judgment under Rule 56. *Dixon v. Kirkpatrick*, 553 F.3d 1294 (10th Cir. 2009); 8B Fed. Prac. & Proc. Civ. § 2264 (3d ed.).

By operation of Rule 36, Plaintiff is precluded from seeking evidence that contradicts her admission that she has no evidence linking Tyson or any of its employees to the unidentified commercial truck Plaintiff contends was involved in the December 20, 2010 accident. Because Plaintiff may not contest these matters, additional discovery seeking to contradict these admissions would not change the outcome of Tyson's Motion for Summary Judgment. Thus, even if the Plaintiff filed the affidavit required by Rule 56(d), relief would be inappropriate.

**B. Summary Judgment**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *and Kendall v. Watkins*, 998 F.2d 848, 850 (10th Cir.1993). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S at 322.

To survive Tyson's motion for summary judgment, Plaintiff must establish that there is a genuine issue of material fact. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 547, 586 (1986). If the record taken as a whole would not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' *Id.* at 587. The evidence must be viewed in the light most favorable to the party opposing summary judgment. *Anderson, supra*; and *Garratt v. Walker*, 164 F.3d 1249, (10th Cir.1998). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–252.

### C. Negligence Claim

In order to prevail on her negligence claim against Tyson, Plaintiff must prove three elements: "1) a duty of care owed by defendant to plaintiff, 2) defendant's breach of that duty, and 3) injury to plaintiff caused by defendant's breach of that duty." *Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007) (citing *Nicholson v. Tacker,* 512 P.2d 156, 158 (Okla.

1973); *Thompson v. Presbyterian Hosp., Inc.,* 652 P.2d 260, 263 (Okla. 1982)). In sum, Plaintiff bears the burden of establishing that Tyson is responsible for the conduct of the unidentified commercial truck involved in the accident.

As discussed above, Plaintiff failed to timely respond to Tyson's requests for admissions. Consequently, it is undisputed that Plaintiff has admitted that she does not possess any evidence to establish that the unidentified commercial truck involved in her motor vehicle accident was operated by or owned by Tyson. These undisputed facts seriously undermine all three elements of Plaintiff's negligence claim, and make it impossible for Plaintiff to carry her burden. Thus, Tyson is entitled to summary judgment.

## CONCLUSION

For the reasons set forth, Plaintiff's Application for Discovery [Doc. No. 28] is **DENIED** and Tyson's Motion for Summary Judgment is **GRANTED** [Doc. No. 26].

James H. Payne
United States District Judge
Northern District of Oklahoma